## THE STATE v. E. H. NIES.

### *Special Verdict—Appeal.*

When the jury return a certain state of facts, and a verdict thereon, "guilty, or not guilty, as the Court may be of opinion as to the law," and the Court assumes to pass judgment without directing a verdict to be entered up in accordance with its opinion on the law, there is error. A verdict must be absolute and unconditional.

Appeal from *Moore, J.*, at July Term, 1890, of BUNCOMBE Criminal Court.

The jury returned as their finding a certain state of facts unnecessary to be stated, and added: "If, upon this state of facts, the Court should be of opinion that the defendant is guilty, then they find him guilty; but if, upon this state of facts, the Court is of opinion that he is not guilty, then the jury find him not guilty."

The Court, being of opinion that the defendant is not guilty, adjudged that he be discharged.

Appeal by the State.

*The Attorney General* and *Mr. J. B. Batchelor*, for the State. No counsel *contra*

CLARK, J.: A verdict, like a judgment, cannot be conditional. Upon the findings of fact, as returned by the jury, the Court should have instructed them to render a verdict of guilty, or not guilty, according to the view he entertained of the law applicable to such state of facts. This was not done, and we have in the record a judgment without a verdict to support it. This has been repeatedly held to be error, and was so held again in *State* v. *Moore* and *State* v. *Monger*, decided at this term.

*Per Curiam.*                                    Error.